**In re ALLEN A RESORT, INC.**

**Bankruptcy No. 82–712.**

United States Bankruptcy Court, D. New Hampshire.

April 18, 1984.

Mark Vaughn, Manchester, N.H., for debtor.

Daniel Sklar, Manchester, N.H., for BankEast.

Leonard Deming, Small Business Adminis., Concord, N.H., for SBA.

Eric Janson, Lebanon, N.H., former attorney for debtor.

### ORDER

JAMES E. YACOS, Bankruptcy Judge.

This case is before the court upon a "Motion for a Finding that Debtor is not in Default of a Stipulation Dated June 21, 1983 and for Injunctive Relief or, in the Alternative, Motion for Relief from Order of Court" filed herein by the Chapter 11 Debtors-in-Possession, and the Objections thereto filed by Bank East Savings Bank and Trust Company and the Small Business Administration (collectively "secured creditors"); and the court having received evidence and heard argument of counsel, and having reviewed the Memorandum of Law submitted by the secured creditors; it is accordingly

ORDERED, ADJUDGED and DECREED as follows:

1. These Chapter 11 proceedings were filed December 30, 1982. Thereafter, an extensive "Stipulation Among the Secured Creditors and the Debtor" dated June 21, 1983 was entered into by the parties providing that the automatic stay caused by these proceedings would continue in effect provided that the debtor complied with various actions and requirements set forth in the Stipulation. The Stipulation was approved by the court in a simple order appended to the end thereof also dated June 21, 1983 and signed by the then Bankruptcy Judge. There is no indication in the record that the Stipulation was brought before the court for hearing upon a general notice to creditors, or indeed any notice apart from the parties immediately involved.

2. Paragraph 5.01 of the Stipulation, entitled "Relief from Automatic Stay" provides in part:

"In consideration of the foregoing, Debtor hereby agrees that, if it fails to perform the obligations contained in Paragraphs 4.01, 4.02, or 6.03, or if, at any time hereafter, it fails to make substantially (the term "substantially" shall mean a minimum monthly payment of $15,000) all of the monthly payments due on the first day of July, August, September and October within 20 days of their due dates to the secured creditors, SBA and BE shall, by operation of this Stipulation, be automatically relieved from the Automatic Stay imposed by § 362 of the Code, without the necessity of additional proceedings before this Court".

The Stipulation further provides in paragraph 6.01 that "the debtor hereby waives any rights to petition this court for modification of the same for any reason whatsoever".

3. The secured creditors object to any relief being granted to the Debtors-in-Possession on their motion by virtue of the foregoing provisions of the Stipulation as approved by the court. This position raises a serious question as to whether a court of equity administering a reorganization proceeding can, as a matter of law, refuse to consider any intervening equities dealing with the question of the lifting of the automatic stay provided by § 362 of the Bankruptcy code. While the approval of the Stipulation by the court would seem to have that effect, and understandably was relied upon the secured creditors in that regard in lieu of immediately pressing for a lifting of the automatic stay, the legal position asserted by the secured creditors in this case raises a difficult question as to whether a Bankruptcy Court effectively can provide for the lifting of the automatic stay in the future upon various conditional circumstances other than the mere lapse of time. To put it simply, the statute provides that there *will* be an automatic stay unless the court by order *removes* the stay; and in stipulations of this type it is never clear, without some type of judicial determination, that such conditional circumstances have in fact arisen so as to cause the lifting of the automatic stay provided by the statute.

4. In the present case, fortunately, it is not necessary to reach that legal question. The court finds that no substantial breach of the Stipulation has been established to trigger the "automatic lifting of the automatic stay" provision of the agreement. The evidence indicates that the Debtors-in-Possession did made the required tax and other payments as required, except for certain lateness regarding various tax payments, which was condoned by the previous custom and usage of the parties dealing with this seasonal business. With regard to the further contention by the secured creditors that there was a violation of paragraph 4.02 by the admitted failure of the Debtors-in-Possession to generate sufficient operating revenues during the summer operation of 1983 to meet the standards set forth in that paragraph, the court notes that the provision simply provides for the reporting of such economic performance, and further provides that the secured creditors would vote to accept the plan of reorganization if such performance standards were met. No other specific sanction is set forth in paragraph 4.02 of the Stipulation. The contention that paragraph 5.01 cures that defect by its reference to "the obligations contained in paragraphs ... 4.02 ..." fails to impress this court sitting as a court in equity. What is really being sought is a forfeiture of the rights of the Debtors-in-Possession to the protection to the statutory automatic stay. Courts of equity abhor forfeitures and require strict proof to trigger the same. In this instance the Stipulation in question does not provide the triggering circumstance with sufficient provision to justify the forfeiture of the rights claimed.

5. The converse of all the foregoing is that the Debtors-in-Possession have no right to the continued protection of the automatic stay in the absence of a showing of definite progress toward the consummation of a meaningful and realistic plan of reorganization. In effect there has been a delay of a year in that regard and accordingly the court concludes that the automatic stay should be, and hereby is ordered to be, lifted within 30 days from the date of this order. The debtor may of course file a complaint for further injunctive relief within that time period as it may be so advised.